The plaintiff, Noe Lemus, was injured during a construction accident on property owned by the 100 Bellingham Avenue Realty Trust (the trust). He brought this action alleging negligence against Shaun McDonough, the contractor on the construction project, Elizabeth Gifford, as trustee of the trust, and Ronald Gifford, who was responsible for the maintenance of the property.[4] The case against McDonough was dismissed after he and Lemus entered into a settlement agreement. The case against the remaining defendants proceeded to trial in the Superior Court. A jury found the defendants negligent, but assigned fifty-one per cent of the fault to Lemus and, consequently, no damages were awarded. On appeal, Lemus contends that the judge erred by (1) declining to give his requested instruction regarding the landowner's duty to ensure that the premises were not unsafe and contained no hidden defects; and (2) instructing the jury regarding the six-year statute of repose. We affirm.
Evidence at trial. Ronald, as an agent for the trust, hired McDonough to install a new roof on the building located on the trust's property. Lemus worked for McDonough on the project. On July 21, 2014, the project was nearly completed when Ronald, who was on the premises, informed McDonough that he also wanted the porch roof reshingled.[5] As the other workers were finishing up work elsewhere, Lemus began working on the porch roof. Initially, Lemus was working from a ladder. However, as Lemus asserted at trial, it was not possible to re-shingle the porch roof without climbing on top of it. Lemus was on the porch roof when it collapsed, causing him to fall approximately twelve feet to the ground. The porch roof landed on Lemus's legs, causing severe injuries. Lemus, who was diagnosed with hemophilia at a young age, had a lengthy and complicated recovery and incurred $ 1.3 million in medical costs.
There was no dispute that the porch roof was not safe to use as a work surface. Lemus claimed that, nonetheless, the defendants were liable for his injuries because they had a duty to ensure the premises were safe and contained no hidden defect that might endanger him or any individual hired to perform work on the property. Lemus argued that the defendants breached this duty because Ronald knew or should have known that the porch roof was defective. In support of this claim, Lemus presented evidence that, in the 1970s or 1980s, Ronald either caused the porch roof to be installed or installed the porch roof himself when he was a licensed general contractor. The defendants claimed that the danger of using the porch roof as a work surface was obvious and, therefore, any work on the porch roof should have been performed from a ladder. The defendants further contended that Lemus himself was negligent for not using fall protection.
At the close of evidence, the Giffords moved for a directed verdict, which the judge allowed in part to apply the statute of repose regarding Ronald's liability in connection with the construction and installation of the porch. As noted, the jury returned a verdict in favor of the Giffords, finding Lemus fifty-one per cent negligent, Ronald forty-eight per cent negligent, and Elizabeth one per cent negligent.
Discussion. 1. Hidden defect instruction. Lemus claims that the judge erred by not instructing the jury, as he had requested, regarding a landowner's duty to disclose hidden defects. The proposed instruction was as follows:
"The plaintiff is not, as a matter of law, bound to look for hidden defects on the defendant's premises. The owner of land has the duty to a workman of a contractor coming on the premises, for the purpose of doing work at the owner's request, to disclose hidden defects of which the owner knows or which in exercise of reasonable care should have known."
Although the judge did not charge the jury in the specific language requested by Lemus, he adequately and accurately covered the subject. The judge stated:
"The duty of care owed by one who owns or controls property may include a duty to warn; an owner or person in control of premises has a duty to warn persons lawfully on the premises of any dangers that might arise on the property which the owner or person in control of the premises knows or ought to know about, but which the person lawfully on the premises is not likely to know about. The plaintiff is entitled to the presumption that if a warning had been given by the defendant, it would have been followed. However, one who owns or controls property is not required to warn a person lawfully on the premises about any open and obvious danger unless the landowner or person in control should anticipate harm despite such knowledge or obviousness. The duty to warn includes a duty to warn those lawfully on the property of hidden defects."
We discern no error. The instruction as given was in accordance with our case law, see Poirier v. Plymouth, 374 Mass. 206, 219-228 (1978), and effectively conveyed the same information as the instruction proposed by Lemus.
2. The statute of repose. As we have noted, Lemus presented evidence that Ronald had either constructed the porch himself or had it installed in the 1970s or 1980s. Thus, any negligence claim stemming from the construction or installation of the porch was time-barred pursuant to the six-year statute of repose. See G. L. c. 260, § 2B. The judge explained the applicability of the statute of repose to the jury as follows:
"I allowed evidence to be admitted in this case that Ronald Gifford had a role in installing, what I'll call the porch roof, in the 1970s. I allowed this evidence because if you find it credible, it is evidence of Ronald Gifford's knowledge of conditions on the premises; specifically the structure of the porch roof. However, it is important to understand that neither Ronald Gifford nor anyone else can be held liable for any construction or installation that occurred in the 1970s, therefore, the issue of whether or not the porch was negligently constructed or installed should play no part in your deliberations."
Lemus contends that the instruction was unnecessary because he never argued that the defendants were liable for his injuries as builders or contractors. He further contends that the statement whether the porch was negligently constructed "should play no part" in the jury's deliberation was confusing and prejudicial. We disagree.
It was proper for the judge to limit the jury's use of evidence regarding the construction of the porch to its proper purpose, namely Ronald's knowledge of the defective condition. Contrary to Lemus's assertion, the explanation which the judge provided was a reasonable one in light of the evidence presented and the statutory limitation on Ronald's liability with regard to the construction or installation of the porch.
Judgment affirmed.

Because Elizabeth and Ronald Gifford share a surname, we refer to the Giffords individually by their first names.

There is some discrepancy in the testimony as to whether replacing the porch roof was part of the original contract. However, as nothing turns on a resolution of this factual dispute, we do not address it.